**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KELLY JOINER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cv-14682 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANUM OPINION AND ORDER**

Plaintiff Kelly Joiner ("Plaintiff") brings this action against Defendant the City of Chicago ("Defendant"), alleging religious discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Before the Court is Defendant's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants the Defendant's motion [8].

**BACKGROUND**

Plaintiff was employed by Defendant as a laborer. On October 8, 2021, Defendant implemented a COVID-19 Vaccination Policy ("Policy"), which required all employees to be fully vaccinated against COVID-19, unless they received a medical or religious exemption. The Policy also required employees to report their vaccination status through Defendant's COVID-19 Vaccination Portal (the "Portal"), no later than October 15, 2021. Employees who failed to report their vaccination status by the deadline would be placed on no-pay status until they reported the information in the Portal.

As seen in the image of the Portal, employees who affirm that they have not been vaccinated are then asked whether they have received a medical or religious exemption. Those who indicate that they have not, are then asked whether they opt to be tested.

On October 14, 2021, Plaintiff applied for a religious exemption from the Policy ("Application") to the Department of Human Resources ("HR"). Plaintiff claims that she then attempted to comply with the Policy's reporting requirement but was unable to do so because the Portal only provided the option to certify either that she was fully vaccinated or that she was unvaccinated *and* had received a religious or medical exemption. Because her Application was still pending, she believed her only choice was to select either of those options. Plaintiff attempted to contact her supervisors and HR for clarification on the issue, but they did not respond. It is undisputed that Plaintiff never reported her vaccination status through the portal.

On October 18, 2021, Plaintiff's supervisor informed her that she would be placed on no-pay status until she complied with the Policy's reporting requirement. Plaintiff remained on no-pay status until September 23, 2022, when she was officially terminated from her position. Following her termination, Plaintiff filed a complaint with the EEOC and was given a right to sue.

2

In April 2022, Plaintiff filed suit against Defendant with the Circuit Court of Cook County ("State Court") (*Joiner I*), alleging that the Defendant violated the Health Care Right of Conscience Act and the Illinois Religious Freedom Restoration Act through its implementation of the Policy. (Dock. 17-1, Ex. A, Cook County Opinion). Plaintiff argued that the Policy's reporting requirement constituted religious discrimination insofar as "the Portal [did] not allow someone with a pending exemption request to report." *Id.* at 2. The State Court dismissed Plaintiff's claims, with prejudice. *Id.* at 3. The court held that Plaintiff's allegations were insufficiently pled, emphasizing that "the Portal and the Policy both illustrate that [Plaintiff] could have disclosed [her] vaccination status, regardless of whether [she] had an exemption request pending" and that the Defendant's "adverse action was taken because [Plaintiff] failed to fill out the Portal." *Id.*

Plaintiff subsequently filed this case, alleging Title VII religious discrimination. More specifically, she alleges that Defendant's decision to terminate her for violating the Policy's reporting requirement was pretext for religious discrimination. Plaintiff asserts that Defendant delayed and rejected her exemption request so she would not be able to report her vaccination status and eventually be terminated.

**LEGAL STANDARD**

When considering dismissal of a complaint, the Court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**DISCUSSION**

Defendant states that Plaintiff's complaint effectively asks this Court to reconsider issue of facts that were already litigated and decided on in *Joiner I*. Specifically arguing that Plaintiff's present complaint should be barred under the doctrine of issue preclusion.

Issue preclusion prohibits "successive litigation of an issue of fact or law litigated and resolved in a valid court determination essential to the prior judgment," even if the issue presented appears in a different claim. *Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)). To determine whether Plaintiff is precluded from bringing her complaint, the Court applies Illinois law. *See McNealy v. Caterpillar, Inc.*, 139 F.3d 1113, 1116 (7th Cir. 1998). In Illinois, issue preclusion applies when: "(1) the issue decided in the prior proceeding must be identical to the one in the current suit; (2) the prior adjudication must have been a final judgment on the merits; and (3) the party against whom the estoppel is asserted must have been a party to, or must be in privity with a party to, the prior adjudication." *Sapp v. Foxx*, No. 23-2502, 2024 WL 3282096, *4 (7th Cir. July 3, 2024) (quoting *Hope v. Clinic for Women, Ltd. v. Flores*, 372 Ill.Dec. 255, 991 N.E.2d 745, 764 (2013).).

Regarding the first prong, Defendant argues that Plaintiff presents the same argument to support her Title VII claim as she did her State Court claim: she was unable to record her vaccination status because Defendant had yet approved her exemption. Plaintiff responds that the issue presented here is different than *Joiner I*. Plaintiff contends that in *Joiner I* the issue was whether she was able to input her vaccination status into the portal, whereas the issue here is whether the Defendant's reasoning for her termination was pretextual for religious discrimination.

The Court is not convinced by Plaintiff's slight adjustment of her claim. The factual issue in *Joiner I* and the issue presented here are identical, as both theories are premised on the common issue of Plaintiff's "ability" report her vaccination status. *See Du Page Forklift Serv., Inc. v. Material Handling*

4

*Servs., Inc.*, 195 Ill. 2d 71, 81, 744 N.E.2d 845, 851 (2001) (explaining the first element of estoppel, as to plaintiff's first count, was satisfied because plaintiff's state law claim, and past federal claim were premised on the same issue). The State Court resolved this issue when it found "[Plaintiff] could have disclosed [her] vaccination status, regardless of whether [she] had an exemption request pending." (Dock. 17-1, Ex. A).

As to the second prong, unless otherwise stated in the order of dismissal, "an involuntary dismissal of an action . . . operates as an adjudication on the merits," and "the dismissal of a claim under § 2-615 counts as an involuntary dismissal for purposes of Rule 273" unless the plaintiff is granted leave to amend. *Lockhart v. HSBC Fin. Corp.*, No. 20-3183, 2022 WL 35468, at *2 (7th Cir. Jan. 4, 2022) (citation omitted). Because the state court in *Joiner I* dismissed the case with prejudice under § 2-615, the second prong is satisfied. The third prong is also clearly satisfied without discussion.

Under Illinois law, the Court's equitable considerations in determining whether collateral estoppel should apply are constrained to "balanc[ing] the need to limit litigation against the right to an adversarial proceeding in which a [plaintiff] is accorded a full and fair opportunity to present [her] case." *Am. Fam. Mut. Ins. Co. v. Savickas*, 193 Ill. 2d 378, 388, 739 N.E.2d 445, 451 (2000). Plaintiff argues that the application of issue preclusion to the present case would be unjust because an administrative law judge for the Illinois Labor Relations Board ("ILRB") ruled that the City had not fulfilled its bargaining obligations when implementing the Policy and ordered the city to, among other things, reinstate any employees terminated as a result. However, Plaintiff makes no attempt to explain how the existence of this ILRB ruling had any impact on her ability to fully present and litigate her case in *Joiner I*. Therefore, issue preclusion is appropriate.

In its motion Defendant argued Plaintiff also fails to state a Title VII claim and that the Tort Immunity Act bars her claims. Because issue preclusion applies here, the Court need not address these issues.

**CONCLUSION**

For these reasons, the Court, as a matter of law, dismisses Plaintiff's complaint with prejudice. The Court grants Defendant's motion [8].

**IT IS SO ORDERED.**

Date: 8/6/2024

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge